UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| LUIS CASTILLO (A-094-334-864),<br>Petitioner,<br>v.<br>CHRISTOPHER CHESTNUT, et al.,<br>Respondents. | No. 1:26-cv-05925-DC-CKD (HC)<br><br><u>ORDER ADOPTING FINDINGS AND RECOMMENDATIONS</u><br><br>(Doc. No. 10) |

Petitioner, an immigration detainee proceeding through counsel, filed this application for a writ of habeas corpus pursuant to 28 U.S.C. § 2241. (Doc. No. 1.) The matter was referred to a United States Magistrate Judge pursuant to 28 U.S.C. § 636(b)(1)(B) and Local Rule 302.

On August 21, 2026, the magistrate judge filed findings and recommendations herein which were served on all parties and which contained notice to all parties that any objections to the findings and recommendations were to be filed within seven days. (Doc. No. 10.) On August 28, 2026, Respondents filed objections, stating merely that they "object to the findings and recommendations for the reasons stated in their Reply to Petition for Writ of Habeas Corpus." (Doc. No. 11.) However, those arguments were addressed and rejected by the magistrate judge in this case and by the undersigned in other cases. Specifically, the undersigned has found that the Due Process Clause requires that, in order for the government to re-detain a noncitizen who has

/////

been previously released on bond or conditional parole under 8 U.S.C. § 1226(a),[1] or humanitarian parole under 8 U.S.C. § 1182(d)(5), the government must provide a pre-deprivation bond hearing before a neutral arbiter at which the noncitizen's eligibility for bond must be considered. *See Selis Tinoco v. Noem*, 818 F. Supp. 3d 1141 (E.D. Cal. Dec. 14, 2025) (granting motion for temporary restraining order and immediate release of the petitioner based on his likelihood of success on the merits of his due process claim); *Labrador-Prato v. Noem*, 815 F. Supp. 3d 1113 (E.D. Cal. Dec. 2, 2025) (same); *D.L.C. v. Wofford*, 1:25-cv-01996-DC-JDP, 2026 WL 25511 (E.D. Cal. Jan. 5, 2026) (same); *Altin v. Chestnut*, No. 1:26-cv-00792-DC-CSK (HC), 2026 WL 309563 (E.D. Cal. Feb. 5, 2026) (granting motion for temporary restraining order and habeas petition as to the petitioner's due process claim). Thus, Respondents' objections do not provide a basis upon which to reject the findings and recommendations.

In accordance with the provisions of 28 U.S.C. § 636(b)(1)(C) and Local Rule 304, this court has conducted a *de novo* review of this case. Having carefully reviewed the entire file, the court finds the findings and recommendations to be supported by the record and by proper analysis.

Accordingly, IT IS HEREBY ORDERED that:

1. The findings and recommendations filed August 21, 2026 (Doc. No. 10), are ADOPTED;
2. Petitioner Luis Castillo's[2] (A-094-334-864) application for a writ of habeas corpus is GRANTED;
3. Respondents are ORDERED to immediately RELEASE Petitioner from custody with the same conditions to which Petitioner was subject prior to his detention in June 2026;
4. At the time of release, Respondents are ORDERED to return all of Petitioner's

---

[1] The undersigned adopts the magistrate judge's analysis and rejection of Respondents' 8 U.S.C. § 1226(c) arguments, and further adopts the magistrate judge's finding that 8 U.S.C. § 1226(a) applies to Petitioner's detention. (Doc. No. 10 at 3–5.)

[2] Petitioner is also known as Luis Antonio Castillo-Velasquez. (Doc. No. 6-1.)

property and documents;

5. Respondents are ENJOINED AND RESTRAINED from re-detaining Petitioner for any purpose, absent exigent circumstances, without providing Petitioner at least seven (7) days' written notice and a pre-detention hearing before a neutral adjudicator where Respondents will bear the burden of demonstrating by clear and convincing evidence that Petitioner poses a danger to the community or flight risk or that he is subject to a mandatory detention provision;
6. This order does not address the circumstances in which Respondents may detain Petitioner in the event Petitioner becomes subject to an executable final order of removal and Petitioner receives notice of that final order of removal; and
7. Within three (3) days from the date of entry of this order, Respondents shall file a notice of compliance with this court confirming Petitioner's release from custody;
8. The Clerk of the Court is directed to serve a copy of this order on the California City Immigration Processing Center Detention Facility; and
9. The Clerk of the Court is directed to enter judgment for Petitioner and close this case.

IT IS SO ORDERED.

Dated: **September 2, 2026**

Dena Coggins
United States District Judge